IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLORIA FAY LUCERO,<br><br>Defendant. | CR 21-53-GF-BMM-JTJ<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Gloria Fay Lucero (Lucero) has been accused of violating the conditions of her supervised release. (Doc. 50). Lucero admitted the violations. Lucero's supervised release should be revoked. Lucero should be sentenced to custody for 5 months, with 55 months of supervised release to follow.

## II. Status

On January 31, 2022, Lucero pleaded guilty to the offense of Possession with Intent to Distribute Methamphetamines, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) as charged in Count 2 of the Indictment. (Doc. 33) Lucero was sentenced to 64 months of custody, followed by 5 years of supervised release. (Doc. 39). Lucero's current term of supervised release began on May 20, 2025.

**Petition**

On June 5, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Lucero's supervised release. (Doc. 50) The Petition alleged Lucero violated the conditions of her supervised release by: (1) consuming alcohol on or about May 21, 2025; and (2) by failing to comply with the conditions of supervision by failing to have contact with the probation officer since May 21, 2025, with her whereabouts unknown as of June 5, 2025.

**Initial Appearance**

Lucero appeared before the Court on June 26, 2025. Lucero was represented by counsel. Lucero stated that she had read the Petition and that she understood allegations against her. Lucero waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Lucero appeared before the Court on June 26, 2025. Lucero admitted that she had violated the conditions of supervised release as set forth in the Petition. Lucero's violations, 1-2, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Lucero appeared before the Court on June 26, 2025. Lucero's violations are Grade C. Her criminal history category is V. Lucero's underlying offense is a Class A felony. Lucero could be incarcerated for up to 60 months. Lucero could be ordered

to remain on supervised release for up to 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Lucero's supervised release should be revoked. Lucero should be sentenced to custody for 5 months, with 55 months of supervised release to follow.

### IV.   Conclusion

The Court informed Lucero that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Lucero of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Lucero that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That GLORIA FAY LUCERO has violated the conditions of her supervised release by: (1) consuming alcohol on or about May 21, 2025; and (2) by failing to comply with the conditions of supervision by failing to have contact with the probation officer since May 21, 2025, with her whereabouts unknown as of June 5, 2025.

The Court **RECOMMENDS**:

That the District Court revoke Lucero's supervised release and sentence Lucero to custody for 5 months, with 55 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of July 2025.

John Johnston
United States Magistrate Judge